## STATE OF MAINE *vs.* PORTLAND & KENNEBEC RAILROAD COMPANY.

Where the charter of a railroad corporation authorizes the erection of a bridge across navigable rivers, "provided said bridge shall be so constructed as not to prevent the navigating said waters," an indictment against the corporation for erecting a bridge across a navigable river named, which does not directly allege that the bridge prevents the navigating the waters of the river, is not good.

An indictment drawn under R. S., c. 17, § 1, alleging that the corporation did "unlawfully and injuriously obstruct and impede, without legal authority, the passage of said navigable river . . . by erecting a bridge across said river, which bridge is so constructed as to prevent the navigating said river . . . by means whereof the passage of said river and common highway hath been obstructed and impeded, and still is obstructed and impeded," &c., is not sufficient.

State *v.* Portland & Kennebec Railroad Company.

On Exceptions.

Indictment based on R. S., c. 17, § 1.

The jury returned a verdict of guilty, whereupon the defendants filed a motion in arrest of judgment, upon the ground, among others, because the indictment does not charge that the defendant corporation prevented the "navigating said Androscoggin river."

The presiding judge overruled the motion, and the defendants alleged exceptions.

*Frye,* attorney-general for the State.

*A. Libby,* and *Tallman & Larrabee,* for the defendant.

Appleton, C. J. This is an indictment against the defendant corporation, under R. S. 1857, c. 17, § 1, for "obstructing or impeding, without legal authority, the passage of" the Androscoggin river, by the erection of their bridge over the same.

By the act, c. 146, establishing the Bath and Portland Rail Road Company, approved Feb. 28, 1844, it is provided by § 15, that if said road shall, in the course thereof, cross any tide-waters, navigable rivers or streams, the said corporation is hereby authorized and empowered to erect for the sole and exclusive travel on their said railroad, a bridge across each of said rivers or streams, or across any such tide-waters; provided said bridge or bridges shall be so constructed as not to prevent the navigating said waters: and said corporators shall be liable for all damages sustained by individuals in consequence of unreasonable detention.

By an act in addition to an act incorporating the Kennebec & Portland Road Company approved July 16, 1846, c. 341, "The said company shall have the same power to construct bridges and causeways across tide-waters on the route of said road and branches, and with the same conditions and restrictions as are granted to the Bath & Portland Railway Company by the 15th section of the act incorporating said company."

The evidence as reported shows that the bridge of the defendant corporation was erected "across tide-waters." If so, the railroad company was authorized to erect a bridge across tide-waters, pro-

vided it does not "prevent the navigating said waters." It may obstruct, it may impede navigation to some extent. It cannot be erected without obstructing or impeding navigation. Provision is made "for all damages sustained by individuals in consequence of unreasonable detention." It is implied that there will be detention, but it shall not be unreasonable. If unreasonable, the party injured is to receive compensation. " The rule is," observes Mr. Justice Catron in *Mississippi & Missouri R. R. Co.* v. *Ward*, 2 Black, 494, " that if the abridgment of the right of passage occasioned by the erection was for a public purpose and produced a public benefit, and if the erection was in a reasonable situation, and a reasonable space was left for the passage of vessels on the river, then it is not an unreasonable obstruction, and indictable."

The indictment sets forth that the defendant did "unlawfully and injuriously obstruct and impede, without legal authority, the passage of said navigable river, and ancient and common highway, by erecting a bridge across said river, which bridge is so constructed as to prevent the navigating said river," &c., "by means whereof the passage of said river and common highway hath been obstructed and impeded, and still is obstructed and impeded," &c. It nowhere directly alleges that the bridge prevents the navigating the waters of the Androscoggin river. The indictment is for obstructing and impeding, and not for preventing the navigation of the river. The prevention may, perhaps, be inferred from the indictment, but it is not directly alleged, nor is such prevention the offense for which the defendants are indicted. The defendants justify under the charter of the Kennebec & Portland Rail Road Company. They have a right to erect a bridge, " so constructed as not to prevent the navigating said waters," though it may obstruct and impede such navigation.

The indictment being under c. 17, § 1, the defendants are not liable under this section, as they show a legal authority to erect a bridge, which may, to a limited extent, obstruct or impede, but which must not prevent the navigation of tide-waters.

*Exceptions sustained.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.